# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE D. NOBLE** | **CIVIL ACTION** |
| **versus** | **NO. 11-2866** |
| **WARDEN LYNN COOPER** | **SECTION: "S" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Clarence Noble, is a state prisoner incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana. On November 15, 2006, he pleaded guilty in the Louisiana Twenty-Fourth Judicial District Court to various criminal offenses under state law. In case number 06-4526, he pleaded guilty to possession of cocaine and was sentenced to a term of five

years imprisonment.[1] In case number 06-4527, he pleaded guilty to resisting an officer, battery on a police officer, and possession of drug paraphernalia, and he was sentenced on each of those offenses to a concurrent term of six months in parish prison.[2]  In case number 06-5073, he pleaded guilty to armed robbery and was sentenced to a concurrent term of twenty-five years imprisonment without benefit of probation, parole, or suspension of sentence.[3]  In case number 06-5424, he pleaded guilty to distribution of cocaine and was sentenced to a concurrent term of twenty-five years imprisonment.  In that same case, he additionally pleaded guilty to obtaining a controlled dangerous substance by fraud and was sentenced to a concurrent term of two years imprisonment.[4]

On or about March 7, 2008, petitioner filed with the state district court a "Motion for Appeal and Designation of Record."[5]  On March 28, 2008, that motion was denied.  Petitioner was

---

[1] State Rec., Vol. I of V, minute entry dated November 15, 2006 (Case No. 06-4526).

[2] State Rec., Vol. III of V, minute entry dated November 15, 2006 (Case No. 06-4527).

[3] State Rec., Vol. II of V, minute entry dated November 15, 2006 (Case No. 06-5073).

[4] State Rec., Vol. IV of V, minute entry dated November 15, 2006 (Case No. 06-5424).

[5] State Rec., Vol. I of V.  The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Because that date cannot be gleaned from the state court record with respect to the filings in this case, this Court will simply use the signature date as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed.  In those instances where no signature date appears on a document, the Court will look to the post-mark or other similar evidence, if available, or, as a last resort, the date-stamp placed on the document by the clerk of court.  While these assumptions are somewhat imprecise, approximate filing dates are sufficient here because petitioner's federal application is extremely untimely.

informed that the time for filing an appeal had expired and that he must instead file a uniform application for post-conviction relief.[6]

On August 22, 2008, petitioner then filed a uniform application for post-conviction relief with the state district court.[7] That application was denied on December 18, 2008.[8] However, on March 12, 2009, the Louisiana Fifth Circuit Court of Appeal vacated that judgment because the lower court had not ruled on a related petition for a writ of mandamus concerning the production of medical records. The Court of Appeal ordered the lower court to rule on that pending request and then allow petitioner to re-file an application for post-conviction relief once the desired medical records were obtained.[9] Thereafter, the state district court denied the petition for a writ on mandamus on April 15, 2009,[10] and the Louisiana Fifth Circuit Court of Appeal likewise denied a related writ application on October 29, 2009.[11]

On January 7, 2010, petitioner filed another application for post-conviction relief with the state district court.[12] That application was denied on March 17, 2010.[13] His related writ

---

[6] State Rec., Vol. I of V, minute entry dated March 28, 2008.

[7] State Rec., Vol. I of V.

[8] State Rec., Vol. IV of V, December 18, 2008.

[9] State v. Noble, No. 09-KH-94 (La. App. 5th Cir. Mar. 12, 2009); State Rec., Vol. I of V.

[10] State Rec., Vol. I of V, Order dated April 15, 2009.

[11] Noble v. State, No. 09-KH-799 (La. App. 5th Cir. Oct. 29, 2009); State Rec., Vol. I of V.

[12] State Rec., Vol. IV of V.

[13] State Rec., Vol. IV of V, Order dated March 17, 2010.

applications were then likewise denied by the Louisiana Fifth Circuit Court of Appeal on June 30,

2010,[14] and by the Louisiana Supreme Court on October 7, 2011.[15]

On October 23, 2011, petitioner filed the instant federal application for *habeas corpus*

relief.[16] The state argues that the application is untimely.[17] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally

requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final"

upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[18]

As noted, on November 15, 2006, petitioner pleaded guilty and was sentenced.

Because he did not file an appeal within the thirty days allowed by state law, his convictions and

sentences became final no later than December 15, 2006.[19] Accordingly, pursuant to 28 U.S.C. §

2244(d)(1)(A), the period that petitioner had to file his application for federal *habeas corpus* relief

---

[14] State v. Noble, No. 10-KH-515 (La. App. 5th Cir. June 30, 2010); State Rec., Vol. V of V.

[15] State *ex rel.* Noble v. State, 71 So.3d 299 (La. 2011) (No. 2010-KH-1773); State Rec., Vol. V of V.

[16] Rec. Doc. 5.

[17] Rec. Doc. 13.

[18] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

[19] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La.C.Cr.P. 914(B).

with respect to his state criminal judgments commenced on that date and expired one year later on

December 17, 2007,[20] unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the

AEDPA expressly provides: "The time during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

However, petitioner's only filings in state court during the federal limitations period of December

15, 2006, through December 17, 2007, were various applications seeking transcripts and other

documents. It is clear that such applications seeking transcripts and documents cannot fairly be

considered "application[s] for State post-conviction or other collateral review" for tolling purposes

because they are preliminary in nature and do not directly call into question the validity of a

petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL

3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383,

at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June

23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15,

---

[20] Because December 15, 2007, fell on a Saturday, the federal limitations period was extended through the following Monday, December 17, 2007. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

2001), <u>certificate of appealability denied</u>, No. 01-30651 (5th Cir. Aug. 22, 2001).  Accordingly, petitioner is not entitled to any statutory tolling credit under 28 U.S.C. § 2244(d)(2).[21]

The United States Supreme Court has held that the AEDPA's statute of limitations is also subject to *equitable* tolling.  <u>Holland v. Florida</u>, 130 S.Ct. 2549, 2560 (2010).  That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  <u>Id</u>. at 2562 (internal quotation marks omitted); <u>see also</u> <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").  A petitioner bears the burden of proof to establish entitlement to equitable tolling.  <u>Alexander v. Cockrell</u>, 294 F.3d 626, 629 (5th Cir. 2002).

In his response to the state's opposition in this matter, petitioner appears to argue that he should be granted equitable tolling because he has at times had limited access to legal assistance and because he suffers from mental illness.[22]  However, even if these circumstances existed to some degree during the relevant one-year period, a fact which has not been proven, that alone is insufficient to warrant equitable tolling.  Rather, petitioner must additionally show that those circumstances *prevented* him from seeking relief in a timely manner.  <u>See, e.g.</u>, <u>Smith v. Johnson</u>,

---

[21] The Court notes that petitioner subsequently filed state post-conviction applications after December 17, 2007.  However, applications filed after the expiration of the federal statute of limitations have no bearing on the timeliness of his federal application.  <u>See</u> <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir. 2000); <u>Magee v. Cain</u>, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, <u>aff'd</u>, 253 F.3d 702 (5th Cir. 2001); <u>Williams v. Cain</u>, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).  Simply put, once the federal limitations period expired, "[t]here was nothing to toll."  <u>Butler v. Cain</u>, 533 F.3d 314, 318 (5th Cir. 2008).

[22] Rec. Doc. 15.

No. 00-10019, 2001 WL 43520, at *3 (5th Cir. Jan. 3, 2001) ("While we have previously indicated that a prisoner's claim of mental incompetence may support tolling the AEDPA time limit if the mental impairment precluded the prisoner from effectively asserting his legal rights, we have also made clear that a claim of incompetence does not automatically entitle a prisoner to equitable tolling. Rather, before a prisoner is entitled to equitable tolling he must sufficiently allege facts indicating that his incompetence impeded him from asserting his legal rights." (citation omitted)). That has not been done in the instant case. On the contrary, the state court record shows that, despite the alleged impediments, petitioner was able to file repeated motions in state court during the relevant one-year period. For example, in March of 2007, he filed a typed motion for production of documents, as well as an accompanying memorandum filled with legal citations and argument.[23] Likewise, in August of 2007, he filed a thorough "Motion for Production of Transcript of Boykin Examination of Guilty Plea, and Sentencing Transcript, Verbatim Copies."[24] He also filed another such motion in September of 2007.[25] Where, as here, a petitioner's filings during the relevant period show that he was able to coherently pursue his legal remedies in other courts, his argument that the alleged impediments were so insurmountable as to prevent him from seeking relief in federal court is too speculative to succeed. See Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *3-5 (E.D. La. July 29, 2011); Williams v. Quarterman, Civ. Action No. H-08-2162, 2009 WL 7326065, at *5 (S.D. Tex. Aug. 24, 2009). Accordingly, there is simply no basis for

---

[23] State Rec., Vol. I of V.

[24] State Rec., Vol. I of V.

[25] See State Rec., Vol. I of V, Order dated October 11, 2007.

finding that petitioner's allegedly limited legal resources or his mental illness constituted an "extraordinary circumstance" which "stood in his way and *prevented* timely filing." Holland, 130 S.Ct. at 2562 (emphasis added).

Also in his response to the state's opposition in this matter, petitioner appears to additionally argue that his application should not be dismissed as untimely because he is innocent.[26] However, the United States Fifth Circuit Court of Appeals has held: "[A] petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitations period. We have previously held that they do not." Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002). It is therefore clear that a claim of actual innocence is insufficient to warrant equitable tolling. Tate v. Parker, 439 Fed. App'x 375, 376 n.1 (5th Cir. 2011); Price v. Cain, Civ. Action No. 11-071, 2011 WL 2937285, at *4 (E.D. La. July 19, 2011); Mattox v. Cain, Civ. Action No. 08-4295, 2011 WL 291283 (E.D. La. Jan. 25, 2011).

For all of these reasons, it is evident that petitioner has not met his burden of proof to establish entitlement to equitable tolling.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before December 17, 2007, in order to be

---

[26] Rec. Doc. 15.

timely.  His federal application was not filed until October 23, 2011,[27] and it is therefore untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petitions for federal *habeas corpus* relief filed by Clarence Noble be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[28]

New Orleans, Louisiana, this twentieth day of March, 2012.


**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[27]  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner placed his federal application in the prison mailing system on October 23, 2011.  Rec. Doc. 5, p. 15.

[28]  Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.